UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
TRACY ADAMS,
                              Petitioner,

               - against -

SUPERINTENDENT, ALBION
CORRECTIONAL FACILITY,

                              Respondent.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-7085 (BMC)

**COGAN**, District Judge.

      Petitioner *pro se* seeks habeas corpus relief under 28 U.S.C. § 2254 for her conviction by guilty plea to fourth-degree grand larceny, arising from her shoplifting of over $1,000 of perfume. She was sentenced to one and one-third to four years' custody, with a recommendation for a drug-counseling program known as the Willard Drug Treatment Program. She contends, however, that the sentence was inconsistent with her plea agreement. She believes (and there is evidence in the record to support it) that under her plea agreement, Willard was supposed to be a mandatory part of her sentence, not just a recommendation. But as it turned out, Willard was not available to a defendant with petitioner's criminal history, although it is clear that the trial court at the time she pled guilty, the prosecutor, and the defense counsel mistakenly thought that it was. The claim she has, therefore, is that there was no meeting of the minds as to her plea agreement and her guilty plea was not knowingly and voluntarily given. However, she has not properly exhausted that claim.

      Exhaustion is a fundamental prerequisite for a petition seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b)(1). For a petitioner to have exhausted her claim in state court,

she must have "fairly present[ed] h[er] claim in each appropriate state court (including a state supreme court with powers of discretionary review) . . . ." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotations and citations omitted). A claim has been fairly presented where the petitioner has "informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Bierenbaum v. Graham, 607 F.3d 36, 47 (2d Cir. 2010); Blissett v. Lefevre, 924 F.2d 434, 438 (2d Cir. 1991).

Petitioner brought two proceedings to challenge her sentence, but neither was procedurally proper. First, she petitioned for a writ of habeas corpus in state court, contending that her sentence had been improperly executed. But state habeas corpus is not available for that because the pronounced sentence was properly executed; it just was not the sentence she thought she was getting. See In re Gonzalez v. Annucci, 136 A.D.3d 909, 911, 26 N.Y.S.3d 151, 152-53 (2d Dep't 2016). The state court accordingly denied the petition.

Petitioner then brought a motion under N.Y. C.P.L. § 440.20, challenging the legality of the sentence. The state court denied that motion because, again, there was nothing illegal about the sentence. In a very instructive opinion, however, the state court advised petitioner that the essence of her claim was an involuntary guilty plea. It suggested that such a claim might well have merit, and that petitioner, who had filed a notice of appeal from her conviction and sentence but had not perfected the appeal, should raise that claim on direct appeal.

Instead of doing that, petitioner filed the instant proceeding. But she can still raise the issue by perfecting her direct appeal in state court and, as the § 440.20 court suggested, presenting her claim as an involuntary guilty plea. (The transcript of the sentencing makes all the participants' confusion very clear.) Although her time to perfect her appeal has passed, see 22 NYCRR § 1250.9(a), nothing prevents her from seeking an extension to perfect her appeal.

Id. at § 1250.9(b).  The state court will then have to determine whether to grant the motion, but considering that petitioner has been diligently attempting to pursue her claim in the state courts; that she is litigating *pro se* although she undoubtedly would be assigned counsel for her direct appeal; and that the issue is somewhat nuanced, it seems likely that the Appellate Division would grant a request to appoint counsel and extend the time to perfect her direct appeal.

Where there is a reasonable chance that petitioner can still exhaust her claim on direct appeal, she must do that before this Court can consider federal habeas corpus relief.  See Alfonso v. Mantuscello, No. 16-CV-9399, 2017 WL 2427715, at *2 (S.D.N.Y. Apr. 26, 2017), report and recommendation adopted, 2017 WL 2438029 (S.D.N.Y. June 5, 2017); Campos v. Smith, No. 15-CV-6580, 2017 WL 1025850, at *3 (E.D.N.Y. Mar. 15, 2017).

Accordingly, her petition is denied without prejudice to renewal upon exhaustion of her federal constitutional claim in state court.  Because the petition does not present a substantial constitutional issue, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).  An appeal from this decision and order would not be taken in good faith, and therefore *in forma pauperis* is denied for purposes of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                                             U.S.D.J.

Dated:  Brooklyn, New York
       February 6, 2020